### ALFRED HOFMANN, Inc., v. ABOOD.

(District Court, E. D. New York. March 10, 1924.)

Pleading ⊛➣367(3)—Counterclaim held subject to motion for more specific statement.

A counterclaim, pleaded by defendant in an action by seller against buyer for breach of contract, *held* subject to a motion to make more definite and certain, by showing whether the claim is based on the written contract set out in the complaint or an alleged modification thereof.

At Law. Action by Alfred Hofmann, Inc., against Mansor Abood. On motion by plaintiff to dismiss counterclaim, or, in the alternative, to require the same to be made more definite and certain. Granted.

Rounds, Schurman & Dwight, of New York City, for plaintiff.
Harold Rogers Lhowe, of New York City, for defendant.

GARVIN, District Judge. A supplemental memorandum is necessitated by reason of the fact that a decision was filed herein February 4, 1924, before the matter was finally submitted. All papers, including briefs, are now before the court.

This is a motion for an order, under rule 109 of the Rules of Civil Practice, dismissing the counterclaim interposed herein, upon the ground that it does not state facts sufficient to constitute a cause of action, or, in the alternative, in the event that it be held that plaintiff is not entitled to this relief, for an order under rule 102 of the Rules of Civil Practice, requiring the defendant to make more definite and certain that part of paragraph XI of the answer herein wherein it is alleged:

"And it was understood, and agreed by and between the parties hereto that said machines were to be delivered by plaintiff to the defendant during the month of May, 1923."

The complaint sets forth an action for breach of contract, alleging that defendant agreed to purchase certain machines from plaintiff, but has declined to accept the same. The answer admits the making of the contract, and alleges that defendant notified plaintiff he would not accept any machines offered for delivery after the expiration of the time for delivery as fixed by the contract. The answer contains a counterclaim, which sets forth the contract, the agreement as to price, the terms of delivery, and plaintiff's failure to deliver at the time fixed by the contract. The contract is attached to the complaint and reads:

⊛➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The seller agrees to exercise reasonable diligence to have said machinery delivered May, 1923, but any delay caused by strikes, breakdowns, fires, floods, delay in transit, or any other cause not within the control of the seller, shall not be deemed or constitute grounds for the cancellation of this contract, nor shall any such delay give purchaser any right of action for damages or otherwise."

Defendant's counterclaim contains no allegation of a lack of reasonable diligence on plaintiff's part, nor facts from which such lack may be inferred. Such omission, under ordinary circumstances, might justify plaintiff's contention that the counterclaim fails to state facts sufficient to constitute a cause of action, but defendant has added the paragraph, which plaintiff (if unsuccessful in dismissing the counterclaim) desires to have made more definite and certain, which alleges a positive agreement by plaintiff to deliver during May. It is not unreasonable to require defendant to state whether he contends that the provision regarding deliveries contained in paragraph XI was included in the written agreement, or in a modification thereof. If defendant is unable to comply with this requirement, the motion to dismiss the counterclaim may be renewed.

The alternative relief sought will be granted. Settle order on notice.